IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JHMELLA NORMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-2351-S-BN |
| | § | |
| TRAVELERS INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO STAY DEADLINES PENDING A RULING ON MOTION TO DISMISS AND COMPEL ARBITRATION**

Plaintiff Jhmella Norman filed a *pro se* action in state court, which The Travelers Insurance Company removed to federal court. The removed action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

Travelers now moves to stay discovery and other pre-trial deadlines pending a ruling on its motion to dismiss and compel arbitration. *See* Dkt. No. 17. Norman failed to file a response to the motion, her deadline to do so has passed, *see* Dkt. No. 18, and Travelers has notified the Court that it will not file a reply, *see* Dkt. No. 19.

The Court GRANTS Travelers's motion to stay for the reasons explained below.

**Applicable Background**

The day after Travelers removed this action to federal court, the Court set a deadline for the parties to meet and confer under Federal Rule of Civil Procedure 26(f)

and to, following their meeting, submit a joint report containing a proposed discovery plan and a proposed pretrial schedule (the "Rule 26(f) Report"). *See* Dkt. No. 7. On October 23, 2019, the parties submitted the Rule 26(f) Report. *See* Dkt. No. 8. The same day, Travelers filed a Motion to Dismiss and to Compel Arbitration and Brief in Support [Dkt. Nos. 9 & 10] (the "Motion to Compel Arbitration"). On November 6, 2019, the Court conducted a telephonic hearing with Norman and counsel for Travelers. *See* Dkt. Nos. 11, 12, & 13. The next day, the Court entered an order temporarily staying the pretrial deadlines it would otherwise impose but for Travelers's Motion to Compel Arbitration and its request – made through the Rule 26(f) Report – that the Court stay deadlines pending its ruling on the Motion to Compel Arbitration. *See* Dkt. No. 14 (further providing, "[a]s explained at the hearing, the Court expects Travelers to file shortly a motion formally requesting a stay, as a pending motion to compel arbitration alone – like the mere pendency of a motion to dismiss – does not automatically stay discovery or other pretrial deadlines").

## Legal Standards and Analysis

"[N]o federal rule, statute, or binding case law applies [ ] to automatically stay discovery pending a ruling on" [a motion] to dismiss. *Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-cv-257-B, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014). "In fact, such a stay is the exception rather than the rule." *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3:08-cv-774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008). "[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Id.* (internal quotation marks omitted).

The law is the same as to a pending motion to compel arbitration, although "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

*Valenzuela v. Crest-Mex Corp.*, No. 3:16-cv-1129-D, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017) (concluding that, there, "although the motion to compel arbitration might, if granted, result in the complete dismissal of this case as pending in this Court, that possibility alone does not, considering all the other factors discussed [in the Court's analysis], justify taking the extraordinary step of staying discovery").

But, as the United States Court of Appeals for the Fifth Circuit has observed,

> [t]he Federal Arbitration Act (FAA) "calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses." It was "Congress's clear intent, in the [FAA], to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible."

*Bell v. Koch Foods of Miss., LLC*, 358 F. App'x 498, 500-01 (5th Cir. 2009) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29, 22 (1983)).

In *Bell*, accordingly, the Fifth Circuit refused to adopt a rule providing "that anytime a party bears the burden of proof, and is either trying to compel or defeat arbitration, then there is a compelling reason for discovery," holding that "[s]uch a broad rule would defeat the FAA's requirement of summary and speedy disposition of motions and petitions to enforce arbitration clauses." *Id.* at 501; *accord Diggs v. Citigroup, Inc.*, 551 F. App'x 762, 766 (5th Cir. 2014) (per curiam); *see also, e.g., Hudson v. Windows USA, LLC*, No. 3:16cv596-DPJ-FKB, 2016 WL 8135875, at *2 (S.D. Miss. Nov. 3, 2016) ("[T]he Court's initial step in assessing the applicability of an arbitration agreement is to determine 'whether the parties entered into any arbitration agreement at all.' But this analysis should be made in the context of "'an expeditious and summary hearing, with only restricted inquiry into factual issues" bearing on the

making of the arbitration agreement.' 'Thus, courts have generally denied arbitration-related discovery absent a compelling showing that such discovery is required.'" (citations omitted)).

In *Valenzuela* – in contrast to here – the defendants moved to compel arbitration (based on newly discovered arbitration agreements) and correspondingly moved to stay discovery more than one year after the case was filed. And, given Travelers's prompt filing of the Motion to Compel Arbitration and the substantial likelihood that, if granted, it would result in the complete dismissal of this case as pending in this Court, in light of "the FAA's requirement of summary and speedy disposition of motions and petitions to enforce arbitration clauses," *Bell*, 358 F. App'x at 501, together with Norman's failure to file a response to the motion to stay, the Court finds that Travelers's motion to stay should be granted under the circumstances now before it under its "inherent power to stay discovery until preliminary questions that may dispose of the case are determined," *Petrus*, 833 F.2d at 583.

Accordingly, all discovery-related and other pre-trial deadlines are STAYED pending the Court's ruling on the Motion to Compel Arbitration [Dkt. Nos. 9 & 10] and will be set, if necessary, by separate order of the Court.

SO ORDERED.

DATED: November 22, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE